840 F.2d 18
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnnie Bernard MACK, Defendant-Appellant.
 No. 87-1367.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1988.
 
 Before KEITH, MILBURN, and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Johnnie Bernard Mack appeals his conviction on two counts of distributing heroin and one count of unlawful use of a communication facility. He originally was charged in a four-count indictment with conspiracy to possess with intent to distribute heroin, 21 U.S.C. Secs. 841(a)(1) and 846, distribution of heroin (two counts), 21 U.S.C. Sec. 841(a)(1), and unlawful use of a communication facility, 21 U.S.C. Sec. 843(b). After Mack waived his right to a jury trial, he received a one-day bench trial before United States District Court Judge John Feikens.
 
 
 2
 At trial Mr. Howard Hayes, a Drug Enforcement Administration agent who had engaged in surveillance and undercover work, testified concerning his role in the investigation. During cross-examination by defense counsel, Mr. Hayes admitted that no consensual tape recording was made of a telephone call between defendant Mack and a third party on February 20, 1985. Defense counsel returned to this subject on recross-examination of the witness, and Judge Feikens suggested that counsel had established his point:
 
 
 3
 THE COURT: "Why don't you argue that to me if you want. You have established this. You are just belaboring the point. I don't know what you are getting at."
 
 
 4
 COUNSEL: "Your Honor, I don't think I established it because he said no. I wanted him to say yes."
 
 
 5
 THE COURT: "I don't know where it gets us in the long run, anyway."
 
 
 6
 COUNSEL: "I will withdraw the question."
 
 
 7
 On appeal Mack contends that his conviction ought to be set aside because the judge's intervention unnecessarily "stymied the defense counsel's questioning of Special Agent Hayes." He likens this case to United States v. Hickman, 592 F.2d 931 (6th Cir.1979), and argues that the judge's conduct impermissibly intruded on his right to a fair trial. We find this contention totally without merit.
 
 
 8
 Hickman and other cases cited by the defendant were jury cases. The problem in Hickman was that the trial judge asked so many questions of the witnesses and interjected himself in the proceedings so intrusively that he created an impression of partiality before the jury. In the case at bar there was no jury to be improperly influenced, and there was nothing improper about Judge Feikens' suggesting that counsel move on in his cross-examination.
 
 
 9
 Under Fed.R.Evid. 611(a), a trial judge is empowered to "exercise reasonable control over the mode and order of interrogating witnesses ... so as to ... avoid needless consumption of time...." The court has broad discretion in the exercise of such control. See, e.g., United States v. Pisani, 773 F.2d 397, 403 (2d Cir.1985). Where a trial judge has neither denied cross-examination nor arbitrarily curtailed cross-examination upon a proper subject, it is not an abuse of discretion merely to prevent counsel from belaboring a point. United States v. Slone, 833 F.2d 595, 601 (6th Cir.1987).
 
 
 10
 In his second assignment of error, Mack argues that certain drug evidence, Exhibit No. 2, ought not to have been admitted because the government failed to establish an adequate chain of custody. We find that the district court did not abuse its discretion in admitting the evidence.
 
 
 11
 DEA Special Agent Everett Gay testified that he purchased eight packets of heroin from defendant Mack on February 20, 1985. He said he sealed the packets together in an evidence bag, marked the bag with the date and his initials, and mailed it to the DEA laboratory in Chicago. At trial he identified Exhibit 2 as the eight packets he had mailed for testing. DEA chemist Thomas Janovaski testified that he received Exhibit 2 intact at the Chicago lab, tested the specimens, and found that they tested positive for the presence of heroin. After completing the tests he resealed and marked the evidence and placed the package in a vault at the lab. Mr. Janovaski identified Exhibit 2 as that package, but testified that he did not know exactly how the package had got back to Detroit. Mack objected to the admission of the evidence on the ground that a complete chain of custody had not been shown.
 
 
 12
 Although the government might well have provided further information as to the mailing procedures followed at the Chicago lab, the omission of this information was not significant. See United States v. Jackson, 482 F.2d 1264, 1266-67 (8th Cir.1973). What is important is that the prosecution was able to establish a complete chain of custody from the time of purchase to the time of testing; even if the wrong specimen had somehow been sent back to Detroit, or if there had been a mix-up of some kind in Detroit after the specimen was returned, it would have made no real difference as far as the question of Mr. Mack's guilt or innocence was concerned.
 
 
 13
 The conviction is AFFIRMED.